UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| THOMAS BEAUDREAU )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>KNOX COUNTY, )<br>    Defendant )<br>)<br>WESLEY COLEMAN, Officer with the )<br>    Knox County Sheriff's Department, )<br>    Defendant )<br>)<br>JASON ACUFF, Officer with the Knox )<br>    County Sheriff's Department, )<br>    Defendant ) | Docket No. 3:12-cv-131 |

## AMENDED COMPLAINT

Comes now Thomas Beaudreau, by and through counsel and respectfully would show unto the Court the following:

### PARTIES

1. Plaintiff Thomas Beaudreau, is a resident of Cocke County, Tennessee, with a residence at 5198 Jones Cove Rd, Cosby, Tennessee.

2. That the Defendant, Wesley Coleman, is an Officer with the Knox County Sheriff's Department, Knox County, Tennessee.

3. That the Defendant, Jason Acuff, is an Officer with the Knox County Sheriff's Department, Knoxville, Tennessee.

4. That the Defendant Knox County is a government agency that is held responsible for the actions of the Knox County Sheriff's officers under municipal liability.

## FACTS

5. That on or about March 15, 2011 at approximately 20:53 hours Officers Wesley and Acuff, acting under color of state law, entered the home of Pamela Masterson at 4417 Raj Rd, Knoxville, Tennessee 37921 where Mr. Beaudreau was sleeping at the time.

6. That on or about March 15, 2011 Mr. Beaudreau was accompanied by Ms. Pamela Masterson where Mr. Beaudreau had permission to be at the time.

7. Mr. Beaudreau awoke to being assaulted by Officers Wesley and Acuff. Mr. Beaudreau was beaten and thrown into a cement wall during the attack.

8. Mr. Beaudreau was beaten so severely by the Defendants, an ambulance was called to transport Mr. Beaudreau to the University of Tennessee Medical Center. Mr. Beaudreau was treated for a concussion, acute right lower and left rib fractures, trauma of the left supraorbital region, face lacerations, and multiple contusions.

9. After Mr. Beaudreau was treated for his injuries, he was transported to the Knox County Detention Facility where he was wrongfully booked and charged with aggravated assault.

10. That Defendants Officers Wesley and Acuff used excessive force when they encountered Mr. Beaudreau.

## JURISDICTION

11. This court has jurisdiction under 28 U.S.C. § 1331 et. seq., 28 U.S.C. § 1343(3) and (4) and for redress under 42 U.S.C. § 1983: US Code- Section 1983 et seq for deprivation of rights, privileges, or immunities secured by the constitution and laws of the United States. The court also has supplemental jurisdiction over any state law aspects of the questions herein presented under 28 U.S.C. § 1347.

## 42 U.S.C. 1983 CONSTITUTIONAL DEPRIVATIONS

12. The Plaintiff incorporates by reference all of the preceding paragraphs of the Complaint as if fully set out herein.

13. At all times pertinent to this Complaint, Jason Acuff, was the Knox County Sheriff's Officer and was responsible for promulgating and maintaining County-wide departmental regulations and policies regarding the rights and privileges of citizens in his County under the authority of the County of Knox and the Knox County Sheriff's Department including, but not limited to, regulations and policies relating to investigation and the treatment of citizens. Jason Acuff was directly and personally involved in the unconstitutional conduct alleged by the Plaintiff.

14. At all times pertinent to this Complaint, Wesley Coleman, was the Knox County Sheriff's Officer and was responsible for promulgating and maintaining County-wide departmental regulations and policies regarding the rights and privileges of citizens in his County under the authority of the County of Knox and the Knox County Sheriff's

3

Department including, but not limited to, regulations and policies relating to investigation and the treatment of citizens. Jason Acuff was directly and personally involved in the unconstitutional conduct alleged by the Plaintiff.

15. That the actions and omission of acts by all the Defendants under 42 U.S.C. § 1983 were unreasonable by reason of which the Plaintiff is entitled to damages.

16. That the conduct of each of the Defendants, individually and as agents of the Knox County Sheriff's Department and Knox County, deprived the Plaintiff of his clearly established rights, privileges and immunities in violation of the Fourth, Eighth and Fourteenth Amendments of the Constitution of the United States and of 42 U.S.C. § 1983.

17. That the conduct of each of the Defendants, individually and as agents of Knox County, the Knox County Sheriff's Department, and pursuant to, and in execution and implementation of, officially sanctioned policies, practices, ordinances, regulations, or customs of the Defendants engaging in omissions to breach the Plaintiffs right to proper living and being treated with respect and dignity and thereby caused constitutional deprivations of his individual rights generally and to with:

   a. Failure to hire individuals whose character and personality would not pose a potential danger to the citizens of Knox County, and specifically, the Plaintiff.

   b. Failure of Knox County and Knox County Sheriffs Department, to discipline, investigate, and/or discharge any employees involved in the denial of

citizens constitutional rights which ratified and/or condoned the agent's unconstitutional conduct.

## FALSE ARREST AND FALSE IMPRISONMENT BY THE OFFICERS

18. The Plaintiff incorporates by reference all of the preceding paragraphs of the Complaint as if fully set out herein.

19. The officers arrested Plaintiff without probable cause to believe that Plaintiff had committed the offenses for which he was charged.

20. The aforementioned false arrest and false imprisonment were also the proximate cause of Mr. Beaudreau's injuries and for which he is entitled to damages therefore.

21. That as a further and direct proximate result of the conduct of the Defendants, individually and as agents of Knox County and Knox County Sheriffs Department due to their acts and omissions, and through use of excessive force, violated the Plaintiffs constitutional rights by directly and proximately causing the injuries and the permanent nature of the Plaintiffs injuries.

22. That as a further and direct proximate result of the conduct of the Defendants, due to their acts and omissions, violated the Plaintiffs constitutional rights by directly and proximately causing the injuries and conscious and unnecessary pain and suffering of the Plaintiff.

## DAMAGES

23. The Plaintiff incorporates by reference all of the preceding paragraphs

5
Case 3:12-cv-00131-CLC-HBG   Document 10   Filed 05/30/12   Page 5 of 6   PageID #: 32

of the Complaint as if fully set forth herein.

24.  As a direct and proximate result of the Defendants' conduct, the Plaintiff has suffered injuries; emotional distress, medical expenses and mental anguish.

25.  The Plaintiff's injuries have resulted in loss of enjoyment of life, loss of wages, emotional trauma, and such losses will continue in the future.

26.  As a result of the acts complained herein, the Plaintiffs bring this action for all damages proximately caused by Defendants' conduct.

**WHEREFORE,** the Plaintiff prays:

1.  That the Plaintiff recovers from the Defendants compensatory damages in the amount **of Five Hundred Thousand and 00/100 Dollars ($500,000.00);**

2.  That a jury try this action; and

That this Court grant such other relief as may be deemed just and proper.

WHEREFORE, the Plaintiff, Thomas Beaudreau, sues the Defendants, Knox County and Knox County Sheriff's Officers Jason Acuff and Wesley Coleman, and demands judgment against them for damages, and for all other relief for which this Court may deem proper.

Respectfully submitted this 30thday of May, 2012

s/A. Philip Lomonaco
A. Philip Lomonaco BPR# 011579
800 S. Gay Street, Suite 2610
Knoxville, TN  37929
(865) 521-7422
Attorney for Plaintiff