# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| THOMAS BEAUDREAU )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>KNOX COUNTY, )<br>    Defendant )<br>)<br>WESLEY COLEMAN, Officer with the )<br>    Knox County Sheriff's Department, )<br>    Defendant )<br>)<br>JASON ACUFF, Officer with the Knox )<br>    County Sheriff's Department, )<br>    Defendant ) | Docket No. 3:12-cv-131<br><br>JURY TRIAL DEMANDED |

## THIRD AMENDED COMPLAINT

Comes now Thomas Beaudreau, by and through counsel and respectfully would show unto the Court the following:

### PARTIES

1. Plaintiff Thomas Beaudreau is a resident of Cocke County, Tennessee, with a residence at 5198 Jones Cove Rd, Cosby, Tennessee.

2. That the Defendant, Wesley Coleman, is an Officer with the Knox County Sheriff's Department, Knox County, Tennessee.

3. That the Defendant, Jason Acuff, is an Officer with the Knox County Sheriff's Department, Knoxville, Tennessee.

4. That the Defendant Knox County is a government agency.

## FACTS

5.  That on or about March 15, 2011 at approximately 20:53 hours Officers Coleman and Acuff, acting under color of state law, entered the home of Pamela Masterson at 4417 Raj Rd, Knoxville, Tennessee 37921 where Mr. Beaudreau was sleeping at the time.

6.  That on or about March 15, 2011 Mr. Beaudreau was accompanied by Ms. Pamela Masterson and Mr. Beaudreau had permission to be in the home.

7.  Mr. Beaudreau awoke to being assaulted by Officers Coleman and Acuff. Mr. Beaudreau was beaten and thrown into a cement wall during the attack.

8.  Mr. Beaudreau was beaten so severely by the Defendants an ambulance was called to transport Mr. Beaudreau to the University of Tennessee Medical Center.

9.  Mr. Beaudreau was treated for a concussion, acute right lower and left rib fractures, trauma of the left supraorbital region, face lacerations, and multiple contusions.

10. After Mr. Beaudreau was treated for his injuries, he was transported to the Knox County Detention Facility where he was wrongfully booked and charged with aggravated assault.

11. That Defendants Officers Coleman and Acuff used excessive and unreasonable force when they encountered Mr. Beaudreau.

## JURISDICTION

12. This court has jurisdiction under 28 U.S.C. § 1331 et. seq., 28 U.S.C. § 1343(3) and (4) and for redress under 42 U.S.C. § 1983: for deprivation of rights,

privileges, or immunities secured by the constitution and laws of the United States. There are state claims so related to this action within such original jurisdiction that they form part of the same case and controversy under Article III of the United States Constitution and invoke Supplemental Jurisdiction under Title 28 U.S. Code, Section 1367.

13. At all times pertinent to this Complaint, Jason Acuff, was a Knox County Sheriff's Officer and was responsible for promulgating and maintaining County-wide departmental regulations and policies regarding the rights and privileges of citizens in his County under the authority of County of Knox and the Knox County Sheriff's Department including, but not limited to, regulations and policies relating to investigation and the treatment of citizens.

14. At all times pertinent to this Complaint, Wesley Coleman, was a Knox County Sheriff's Officer and was responsible for promulgating and maintaining County-wide departmental regulations and policies regarding the rights and privileges of citizens in his County under the authority of County of Knox and the Knox County Sheriff's Department including, but not limited to, regulations and policies relating to investigation and the treatment of citizens.

15. That the actions and omission of acts by all the Defendants under 42 U.S.C. § 1983 were unreasonable by reason of which the Plaintiff is entitled to damages.

16. That the conduct of each of the Defendants, individually and as agents of the Knox County Sheriff's Department and Knox County, deprived the Plaintiff of his clearly established rights, privileges and immunities in violation of the Fourth,

Eighth and Fourteenth Amendments of the Constitution of the United States and of 42 U.S.C. § 1983.

17. The Defendant Knox County is liable for the tortious conduct of the Defendants Coleman and Acuff under State law theory of assault and battery which does not allow immunity from prosecution under the Tennessee Governmental Tort Liability Act. The Defendant Knox County is further liable to the Plaintiff for the acts of its employee under Tenn. Code Ann. § 8-8-302 for which compensatory and punitive damages may issue.

18. The Defendants Coleman and Acuff committed assault and battery on the Plaintiff and his injuries were the proximate result of the assault and battery.

19. The officers arrested Plaintiff without probable cause to believe that Plaintiff had committed the offenses for which he was charged.

20.. The Defendant Officers violated the Plaintiff's Federal Constitutional rights to be free from malicious prosecution, false arrest and false imprisonment

21. Officers Coleman and Acuff individually and as agents of Knox County and Knox County Sheriffs Department due to their acts and omissions, and through use of excessive force, violated the Plaintiffs constitutional rights by directly and proximately causing pain and injuries and the permanent nature of the Plaintiffs injuries.

22. That as a further and direct proximate result of the conduct of the Defendants, due to their acts and omissions, violated the Plaintiffs constitutional rights by directly and proximately causing the injuries and conscious and unnecessary pain and suffering of the Plaintiff.

## DAMAGES

23. As a direct and proximate result of the Defendants' conduct, the Plaintiff has suffered injuries; emotional distress, medical expenses and mental anguish.

24. The Plaintiff's injuries have resulted in loss of enjoyment of life, loss of wages, emotional trauma, and such losses will continue in the future.

25. As a result of the acts complained herein, the Plaintiffs bring this action for all damages proximately caused by Defendants' conduct.

WHEREFORE, the Plaintiff prays:

1. That the Plaintiff recovers from the Defendants compensatory damages in the amount of Five Hundred Thousand and 00/100 Dollars ($500,000.00);

2. Punitive damages in the amount of One Hundred Thousand and 00/100 Dollars ($100,000.00);

3. That a jury try this action; and

That this Court grant such other relief as may be deemed just and proper.

Respectfully submitted this 15 day of January, 2013

                                              s/A. Philip Lomonaco
                                              A. Philip Lomonaco BPR# 011579
                                              800 S. Gay Street, Suite 2610
                                              Knoxville, TN 37929
                                              (865) 521-7422
                                              Attorney for Plaintiff