IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| THOMAS W. BEAUDREAU, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:12-cv-131 |
| ) | COLLIER/GUYTON |
| KNOX COUNTY, ) | |
| ) | |
| WESLEY COLEMAN, Officer with the ) | |
| Knox County Sheriff's Department, and ) | |
| ) | |
| JASON ACUFF, Officer with the Knox ) | |
| County Sheriff's Department, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT WESLEY COLEMAN'S
STATEMENT OF UNDISPUTED MATERIAL FACTS**

Pursuant to this Court's Scheduling Order Section 6(b)(i) and Rule 56 of the Federal Rules of Civil Procedure, Defendant Wesley Chad Coleman, in his individual capacity, ("Officer Coleman"), by and through counsel, submits this Statement of Undisputed Material Facts in support of his Motion for Summary Judgment.

1. Plaintiff Thomas W. Beaudreau ("Plaintiff") filed the above cause of action *pro se* on or about March 15, 2012. *See Compl.* [Doc. 2].

2. Plaintiff brings his cause of action pursuant to 42 U.S.C. § 1983 alleging violations of Plaintiff's Fourth, Eighth, and Fourteenth Amendment rights. *See Third Amended Compl.* ¶ 16. [Doc. 42].

3. On or about March 15, 2011, Officer Coleman was dispatched to 4417 Raj Road in Knoxville, Tennessee in response to a 911 call from a neighbor who had reported

1

suspicious activity at a house known to be abandoned and what looked like candle light through a window and a potential intruder through an open back door of the house. *Defendant Wesley Coleman's Answers to Plaintiff's First Set of Interrogatories, No. 2.; Warrant No. 954335; Warrant No. 954338; Warrant No. 954337.*

4. Prior to entering the house at 4417 Raj Road, Officer Coleman interviewed the neighbor who made the 911 call. *Depo. of Officer Coleman*, p. 17, l. 25; p. 18, ll. 1-12.

5. During the interview of the neighbor, the neighbor reported that the back door was standing open, that there was no electricity to the premises and that the yard work at the house had been performed by neighbors for several months. *Defendant Wesley Coleman's Answers to Plaintiff's First Set of Interrogatories, No. 2.*

6. During the interview of the neighbor, Officer Coleman also learned that the neighbor had seen suspicious activity at that house in the past and thought someone had been burglarizing the house. *See, Defendant Wesley Coleman's Answers to Plaintiff's First Set of Interrogatories, No. 2.*

7. The house at 4417 Raj Road in Knoxville, Tennessee was in foreclosure and the owner, Pamela Masterson, had moved out. *Depo of Pamela Masterson*, p. 15, ll. 8-10; p. 17, ll. 21-25; 18, l. 1.

8. Prior to that evening, the owner of the house in foreclosure, Ms. Pamela Masterson, had informed her neighbors that her home had been burglarized several months earlier and asked her neighbors to watch for any future occurrences and to call her or the police. *Depo. of Pamela Masterson*, p. 73, ll. 13-25, p. 74, ll. 1-3.

9. On the night in question, Masterson's neighbor informed Officer Coleman that she had seen moving lights in the house, the back door was open and that she thought

someone had burglarized the house and was still inside the house. *See Depo of Coleman,* p. 17, l. 25; p. 18 ll. 1-5; *see also, Depo. of Officer Acuff*, p. 16, ll.13-18.

10. After interviewing the neighbor, Officer Coleman walked to the rear of the house, saw that the back door was open, guarded the door and waited for his back up officer to arrive. *See Depo. of Officer Coleman*, p. 18, ll. 8-15.

11. Using his flashlight, Officer Coleman looked inside the open back door into the kitchen and observed it was in disarray with trash everywhere. *Defendant Wesley Coleman's Answers to Plaintiff's First Set of Interrogatories, No. 2.*

12. Upon the arrival of Officer Jason Acuff ("Officer Acuff"), Officer Coleman and Officer Acuff entered the house through the open back door and announced their presence. *Depo. of Officer Coleman*, p. 23, ll. 5-6; *Depo. of Officer Acuff*, p. 19, ll. 10-14.

13. The house had no electricity. *Depo. of Pamela Masterson*, p. 18, ll. 2-4.

14. Because the house had no electricity, the officers used flashlights to navigate the premises. *Depo. of Officer Coleman*, p. 26, ll. 11-12; *Depo. of Officer Acuff*, p. 19, ll. 21-24.

15. The officers cleared the main floor of the house and then proceeded down the steps to the basement. *Depo. of Officer Acuff*, p. 19, ll. 17-20.

16. As the officers proceeded down the steps Officer Acuff again announced "sheriffs office." *Depo. of Officer Acuff*, p. 20, ll. 12-14.

17. Upon entering the basement, Officer Coleman and Officer Acuff encountered the Plaintiff lying on a mattress on the concrete floor. *Depo. of Officer Coleman*, p. 24, ll. 8-9.

18. The Plaintiff was lying on a mattress on the concrete floor in an interior unlit room with no windows and no exterior illumination that was fully dark. *Depo. of Pamela Masterson*, p. 66, ll. 18-20; *Depo. of Thomas Beaudreau*, p. 49, ll. 17-25; p. 50, l. 1.

19. After announcing their presence, Officer Coleman approached the Plaintiff and instructed him to show his hands. *Depo. of Officer Coleman*, p. 24, ll. 13-15; p. 25, ll. 2-11.

20. Officer Acuff then proceeded to investigate the remaining areas of the basement while Officer Coleman watched the Plaintiff. *Depo. of Officer Coleman*, p. 25, ll. 12-19.

21. After receiving no response to the commands, Officer Coleman attempted to shake the Plaintiff to wake him. *Depo. of Officer Coleman*, p. 27, ll. 16-18.

22. After shaking Plaintiff, Plaintiff failed to respond to Officer Coleman's actions. *Depo. of Officer Coleman*, p. 29, ll. 3-13.

23. Officer Coleman attempted to move the Plaintiff onto the floor to assess whether Plaintiff had a medical condition and needed assistance. *Depo. of Officer Coleman*, p. 29, ll. 7-21.

24. When Officer Coleman got the Plaintiff to the floor, Plaintiff responded by saying "That was fun." *Depo. of Officer Coleman*, p. 30, ll. 19-23.

25. At this time, Plaintiff began attacking Officer Coleman by putting his arms around Officer Coleman's legs and pulling him to the floor. *Depo. of Officer Coleman*, p. 30, ll. 24-25; p. 31, ll. 1-2.

26. Officer Coleman then began defending himself and attempting to gain control of the Plaintiff to put handcuffs on him. *Depo. of Officer Coleman*, p. 33, ll. 16-18.

4

27. Plaintiff continued to struggle by flailing his arms, fists, legs, and refusing to put his hands behind his back and stop fighting. *Depo. of Officer Coleman*, p. 45, ll. 16-19.

28. Officer Coleman instructed the Plaintiff to "stop resisting, stop resisting" during his attempts to arrest Plaintiff. *Depo. of Officer Acuff*, p. 22-23, ll. 24-25, 1-2.

29. Officer Coleman struck the Plaintiff in order to gain compliance. *Depo. of Officer Coleman*, p. 49, ll. 16-18.

30. In the course of the struggle, Plaintiff sustained broken ribs. *Depo. of Pamela Masterson*, p. 88, ll. 20-23.

31. After gaining control of the Plaintiff and handcuffing him, the officers turned their attention to Ms. Pamela Masterson, Plaintiff's girlfriend, who appeared in the basement during the struggle. *Depo. of Officer Coleman*, p. 51, ll. 14-22.

32. While the officers were gaining control of Ms. Masterson, who complied, the Plaintiff attempted to get up off the mattress where he remained handcuffed, lost his balance, and fell face forward into the concrete. *Depo. of Officer Coleman*, p. 51, ll. 14-22.

33. Both Plaintiff and Ms. Pamela Masterson were intoxicated, having been drinking vodka throughout the evening. *Depo of Thomas Beaudreau*, p. 29, ll. 11-25; p. 30, ll. 1-9; *Depo of Pamela Masterson,* p. 84, ll. 4-5.

34. As a result of Plaintiff's attacks, Officer Acuff sustained severe injuries that resulted in a five-day hospital stay and two-month leave of absence from work. *Depo. of Officer Acuff*, p. 41-42, ll. 25, 1-7.

35. As a result of Plaintiff's attacks, Officer Coleman filed charges against Mr. Beaudreau in the General Sessions Court for Knox County – Criminal Division. *See Warrant No. 954335*; *Warrant No. 954338*.

5

36. As a result of Plaintiff's attacks, Officer Coleman filed charges against Mr. Beaudreau in the General Sessions Court for Knox County – Criminal Division. *See Warrant No. 954337.*

37. Officer Coleman filed charges against Mr. Beaudreau for assault on himself. *See Warrant No. 954335.*

38. Officer Coleman filed charges against Mr. Beaudreau on behalf of Officer Acuff for aggravated assault. *See Warrant No. 954338.*

39. Officer Coleman filed charges against Mr. Beaudreau for resisting arrest. *See Warrant No. 954337.*

40. This charge of assault on Officer Coleman was dismissed for failure to prosecute. *See Warrant No. 954335.*

41. This charge of aggravated assault on Officer Acuff was dismissed for failure to prosecute. *See Warrant No. 954338.*

42. This charge of resisting arrest was dismissed for failure to prosecute. *See Warrant No. 954337.*

43. Officer Acuff appeared for the original hearing date which was continued; the original hearing date for these charges was reset but he was never notified of the new hearing date. *Depo. of Officer Coleman*, p. 60-69.

44. As a result, the Court dismissed the charges for failure to prosecute. *Depo. of Officer Coleman*, p. 60-69.

45. Officer Coleman did not know the charges were dismissed until the inception of this lawsuit and Plaintiff's counsel's request for audio records related hereto. *Depo. of Officer Coleman*, p. 60-69.

46. In his Complaint, Plaintiff alleges that he awoke to being assaulted by Officer Coleman and Officer Acuff and was beaten and thrown into a cement wall during the attack. *See Third Amended Compl.* [Doc. 42 at ¶ 7].

47. In his Complaint, Plaintiff also alleges that Officer Coleman and Officer Acuff committed assault and battery on the Plaintiff, arrested the Plaintiff without probable cause, and violated the Plaintiff's federal constitutional rights to be free from malicious prosecution, false arrest, and false imprisonment. *See Third Amended Compl.* [Doc. 42 at ¶¶ 18-21].

48. In his deposition, Plaintiff testified that all he remembers is that he "woke up to the officers holding me down on the bed and basically beating me up. Then I don't remember anything else after that, except for ambulance or the paramedics getting me up off the floor in the basement." *Depo. of Thomas Beaudreau* p. 38, ll. 22-25; p. 39, l. 1.

49. Plaintiff admits he was under the influence of alcohol, having had at least 5 shots of vodka. *Depo of Thomas Beaudreau*, p. 54, ll. 9-11; 56, ll. 1-3.

50. Plaintiff admits that his girlfriend, Ms. Masterson, had around five drinks of vodka. *Depo. of Thomas Beaudreau*, p. 54, ll. 17-20.

51. Plaintiff admits that when he is under the influence of intoxicating substances, it can affect his ability to perceive and recall events. *Depo. of Thomas Beaudreau*, p. 56, ll. 4-8.

52. Plaintiff admits that he does not have a clear memory of perceiving exactly what occurred on the night in question and does not recall exactly what went on between him and the officers. *Depo. of Thomas Beaudreau*, p. 56, ll. 9-14.

53. Plaintiff admits he has no memory of anything that Officer Acuff did. *Depo. of Thomas Beaudreau*, p. 51, ll.15-23.

7

54. Plaintiff does not know who applied the handcuffs. *Depo. of Thomas Beaudreau*, p. 52, ll. 2-4.

55. Plaintiff admits that he was face down on the mattress and could not see what anybody was doing behind him. *Depo. of Thomas Beaudreau*, p. 53, ll. 23-25; p. 54, ll. 1 – 4.

56. Other than saying that both Officer Coleman and Officer Acuff were on him when they were cuffing him, Plaintiff cannot identify anything else that Officer Coleman did. *Depo. of Thomas Beaudreau*, p. 58, ll. 17-23.

57. Plaintiff admits that he realized that he was being handcuffed by officers. *Depo. of* Thomas *Beaudreau*, p. 58, ll. 3-10.

58. Ms. Masterson admits that she does not know what happened in the basement prior to her arrival mid-struggle, but claims that she saw both officers on top of the Plaintiff, striking him. *Depo. of Pamela Masterson*, p. 84-85, ll. 23-25; 1-7.

59. Ms. Masterson admits she was intoxicated, that the interior room was lit only by the officers' flashlights, that she has been convicted of a felony and crimes of dishonesty, including multiple convictions for shoplifting, claims she saw the officers throw Plaintiff to the floor, injuring his head, but admits she doesn't know which officer did what. *Depo. of Pamela Masterson*, p. 84, ll. 4-5; p. 38, ll. 2-4, p. 25, ll. 8-14, p. 26, ll. 3-5, p. 79-80, ll. 22-25, 1-2.

                                        s/Mary Ann Stackhouse
                                        Mary Ann Stackhouse. (BPR #017210)
                                        MStackhouse@lewisthomason.com

LEWIS, THOMASON, KING, KRIEG & WALDROP, P.C.
One Centre Square, Fifth Floor
620 Market Street
P.O. Box 2425
Knoxville, TN 37901
(865) 546-4646

*Attorneys for Defendant Wesley Coleman, in his individual capacity*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 16th day of January, 2014, a copy of the foregoing **Statement of Undisputed Material Facts in Support of Wesley Coleman's Motion for Summary Judgment** was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

s/Mary Ann Stackhouse
Mary Ann Stackhouse (BPR #017210)